UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BONNIE JEAN MILLER** | **CASE NO. 6:21-CV-02490** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **STARRCHEX LA, LLC, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, filed by Defendant Starrchex LA, LLC, whereby Defendant seeks dismissal of all claims brought against it by Plaintiff Bonnie Miller.[1] Plaintiff opposes the motion, and Defendant has filed a brief in reply.[2] For the reasons that follow, Defendant's motion is GRANTED.

### I.
### BACKGROUND

Plaintiff brings this suit for injuries sustained due to a slip and fall on July 9, 2020, outside of a Checkers restaurant owned by Defendant in New Iberia, Louisiana.[3] On that day, Plaintiff went to Checkers with her family to pick up food for her granddaughter.[4] After parking her vehicle, Plaintiff, her husband and her granddaughter began walking toward the Checkers' window to place their order when Plaintiff slipped and fell in a puddle of muddy green water at the base of a cross walk adjoining the parking lot.[5] The incident occurred during daylight hours on a sunny day.[6] The

---

[1] ECF No. 17.
[2] ECF Nos. 19, 20.
[3] ECF No. 17-4 at 1, ¶ 1; ECF No. 19-4 at 1, ¶ 1.
[4] ECF No. 19 at 6.
[5] *Id.*; ECF No. 17-6 at 6.
[6] ECF No. 17-6 at 8, 11 (additionally testifying that it had possibly rained a couple of days before the incident).

area where Plaintiff fell was not shaded, and nothing obscured Plaintiff's view of the walkway.[7] At the time of the fall, Plaintiff's head was turned to the right, as she was talking to her granddaughter as they were walking.[8] Plaintiff testified that had she been looking at the ground in front of her, there was nothing that would have prevented her from seeing the puddle and she would have stepped over it.[9] Defendant now seeks dismissal of Plaintiff's claim, arguing it owed no duty to warn Plaintiff of the puddle because it was obvious and apparent to all and therefore did not constitute an unreasonably dangerous condition.

## II.
### STANDARD OF REVIEW

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[10] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[11] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[12]

The opposing party may not create a genuine dispute simply by alleging that a dispute exists. Rather, the opponent must cite "to particular parts of materials in the record," or show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse

---

[7] *Id.* at 11.
[8] *Id.* at 12-13.
[9] *Id.* at 11-12.
[10] FED. R. CIV. P. 56(a).
[11] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[12] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

party cannot produce admissible evidence to support the fact."[13] When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[14] Credibility determinations, assessments of the probative value of the evidence, inferences drawn from the facts and the like are not to be considered on summary judgment, as those are matters to be decided by the factfinder at trial.[15]

## III.
## APPLICABLE LAW

The parties agree that the substantive law governing Plaintiff's claim is the Louisiana Merchant Liability Act, La. R.S. 9:2800.6. That Act imposes a duty of care on a merchant "to keep his aisles, passageways, and floors in a reasonably safe condition" and "to keep the premises free of any hazardous conditions which might reasonably give rise to damage."[16] In addition to any other elements of the claim, a person who is injured on the merchant's premises must prove:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.[17]

---

[13] FED. R. CIV. P. 56(c)(1); *see also id.* at (c)(3) (the court need only consider the cited materials, although it is permitted to consider other materials in the record as well).
[14] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).
[15] *See e.g. Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 478 (5th Cir. 2006); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[16] La. R.S. 9:2800.6(A).
[17] La. R.S. 9:2800.6(B).

The Court notes that Louisiana courts frequently apply the premises liability statute, La. Civ. Code art. 2317, to falls in parking lots.[18] Under either statute, a plaintiff must prove the thing or condition presented an unreasonable risk of harm.[19]

## IV.
### DISCUSSION

Defendant argues the puddle of water in which Plaintiff slipped did not present an unreasonable risk of harm, because it was open and obvious.[20] Defendant notes that photographs of the puddle show that it "was large and appeared muddy and green."[21] Defendant additionally points to Plaintiff's testimony that the accident occurred during daylight hours on a sunny day, that the area where Plaintiff fell was not shaded, and that there was nothing obscuring Plaintiff's view of the walkway.[22] Defendants further point to Plaintiff's testimony that had she been looking at the ground in front of her as she was walking, there was nothing that would have prevented her from seeing the puddle, and had she seen the puddle, she would have stepped over it.[23] Finally, Defendant points to Plaintiff's testimony that she did not see the puddle because at the time of the fall, she was looking to her right, talking to her granddaughter as they walked toward Checkers.[24] Thus, Defendant has pointed to the absence of evidence demonstrating that the puddle of water created an unreasonably dangerous condition, because it was obvious and apparent to all. In opposition, Plaintiff argues the parking lot and crosswalk were "provided by the defendant," and

---

[18] *See e.g. Islam v. Walmart, Inc.*, 21-269, p.4 (La. App. 5 Cir. 6/8/22); 343 So.3d 888 n.4; *Trahan v. Acadiana Mall of Delaware, LLC*, 2016-144 (La. App. 3 Cir. 12/7/16, 6-7); 209 So.3d 820, 825.
[19] *See e.g. Chambers v. Vill. of Moreauville*, 2011-898, p. 5 (La. 1/24/12); 85 So.3d 593, 598; *Renwick v. PNK Lake Charles*, LLC, 901 F.3d 605, 616 (5th Cir. 2018).
[20] ECF No. 17-3 at 4.
[21] *Id.* at 7 (citing ECF No. 17-6 at 16-17).
[22] *Id.* at 7-8
[23] *Id.* at 7.
[24] *Id.* at 8.

there "WERE NOT ANY markings, or cones or notice to the patron that risk existed."[25] Plaintiff presumes, based on the green color of the puddle, that the puddle had existed for a period of time,[26] and thus argues Defendant had actual or constructive knowledge of the condition and should have alerted its patrons.[27]

"[A] pedestrian has a duty to see that which should be seen and is bound to observe his course to see if his pathway is clear."[28] A condition does not present an unreasonable risk of harm when it is an open and obvious risk.[29] "Summary judgment is warranted 'when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous.'"[30] "Easily visible obstacles are open and obvious risks of harm."[31] Here, Plaintiff testified that at the time of her fall, it was daylight on a sunny day. The area where she fell was not shaded, and nothing obscured her view of the walkway or puddle. The photographs taken of the area show that the puddle did not blend visually with the ground.[32] Plaintiff testified that had she been looking at the ground in front of her, rather than to her right to speak to her granddaughter, there was nothing that would have prevented her from seeing the puddle and stepping over it. Plaintiff has failed to come forward with any evidence showing that the puddle was not open and

---

[25] ECF No. 19 at 6-7; *see also id.* at 11.
[26] *Id.* at 7, 11.
[27] *Id.* Counsel for Plaintiff has additionally submitted Plaintiff's affidavit, wherein she attests that she "was attentive on the date in question," and states that because the walkway where she fell crosses a lane of traffic, "it is expected that patrons would be watching the traffic before crossing." ECF No. 19-1. Plaintiff's affidavit is inconsistent with her deposition testimony that she was not watching where she was walking, and no explanation has been provided for the inconsistency. Accordingly, the Court declines to consider Plaintiff's affidavit. *See e.g. Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000); *Free v. Wal-Mart Louisiana, LLC*, 815 Fed.Appx. 765, 766-67 (5th Cir. 2020).
[28] *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288, p. 6 (La. 10/15/14); 171 So.3d 851, 855.
[29] *Allen v. Lockwood*, 2014-1724 (La. 2/13/15); 156 So.3d 650, 653; *Thibodeaux v. Home Depot USA, Inc.*, 816 Fed.Appx. 988, 990 (5th Cir. 2020); *Trahan*, 209 So.3d at 825-26.
[30] *Thibodeaux* at 990 (quoting *Bufkin* at 859 n.3); *see also Allen* at 653.
[31] *Thibodeaux* at 990.
[32] *See* ECF No. 17-6 at 16-17.

obvious. Accordingly, the Court finds that the record evidence establishes that the puddle was open and obvious, and therefore Defendant had no duty to protect Plaintiff from the puddle.

## V.
### CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendant Starrchex LA, LLC is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS DONE in Chambers on this __6th__ day of December, 2022.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE
